**Delton Earl GEIGER, Jr., Plaintiff–Appellant,**

**and**

**Lisa Marie Geiger, Plaintiff,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 06–55951.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2008.

Filed Feb. 14, 2008.

Donna Bader, Paul E. Lee, Esq., Laguna Beach, CA, AA Accident Attorneys, Newport Beach, CA, for Plaintiff–Appellant.

William B. Spivak, Jr., Esq., USLA—Office of the U.S. Attorney Civil & Tax Divisions, Lowell V. Sturgill, Jr., Esq., Los Angeles, CA, U.S. Department of Justice Civil Division/Appellate Staff, Washington, DC, for Defendant–Appellee.

Before: GRABER and BERZON, Circuit Judges, and WILKEN,* District Judge.

MEMORANDUM **

Plaintiff Master Sergeant Delton Earl Geiger, Jr., and his wife, Lisa Marie Geiger, sued the United States, alleging negligence in connection with an automobile accident. The district court dismissed the husband's claim, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of jurisdiction. After his wife's claim settled, Plaintiff Delton Geiger appealed. On de novo review, *Costo v. United States,* 248 F.3d 863, 865–66 (9th Cir.2001), we affirm.

Under the principles established in *Feres v. United States,* 340 U.S. 135, 146, 71 S.Ct. 153, 95 L.Ed. 152 (1950), a person may not sue the government for injuries incident to service in the military. In considering whether the *Feres* doctrine applies, we examine the totality of the circumstances and consider several factors: the place where the negligent act occurred, the duty status of the plaintiff at the time, the benefits accruing to the plaintiff from his military status, and the nature of the plaintiff's activities at the time of the negligent act. *McConnell v. United States,* 478 F.3d 1092, 1095 (9th Cir.2007).

Here, first, the collision occurred off the base, but on an access road leading only to Fort Irwin. Second, Plaintiff Delton Geiger was on active duty, and in uniform, at the time of the collision. Third, as a result of his injuries, Plaintiff received benefits from the Veterans Administration, and the Army paid all of his medical bills. Fourth, his activities at the time of the collision—coming from military-subsidized housing to Fort Irwin to continue in-processing, under military orders to do so—were connected with his military service. Although he intended to do other things at Fort Irwin as well, including dropping his wife off for an interview, Plaintiff admits that he would have traveled to the base for in-processing that day even if he had not intended to perform additional personal tasks. Finally, were this case to go forward, it could affect military discipline because, among other reasons, the Geigers' car was struck by an Army truck, driven by Army personnel, necessitating investigation into questions such as the training and supervision of the Army driver. *See McConnell,* 478 F.3d at 1098. For all these reasons, the *Feres* doctrine bars Plaintiff's claim.[1]

On appeal, Plaintiff also assails the constitutionality of the *Feres* doctrine. He did not raise this issue before the district court. Therefore, we will not consider it. *See Cold Mountain v. Garber,* 375 F.3d 884, 891 (9th Cir.2004).

AFFIRMED.

---

* The Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. This case is factually most similar to *Callaway v. Garber,* 289 F.2d 171 (9th Cir.1961), in which we held that the *Feres* doctrine barred a service member's suit. *Schoenfeld v. Quamme,* 492 F.3d 1016 (9th Cir.2007), is materially distinguishable, most notably because the plaintiff in that case was not on the way to carry out a military assignment at the time of the accident and the accident involved a collision with a guard rail, not another member of the military.